IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. No.: 2:07cr07-MHT |
| ) | |
| KENYATTA THOMAS ) | |

**MOTION TO SUPPRESS STATEMENTS**
**(Evidentiary Hearing Requested)**

COMES NOW the Defendant, Kenyatta Thomas, by and through undersigned counsel, Kevin L. Butler, and moves to suppress any statements given by Mr. Thomas on or about January 5, 2007, or in response to law enforcement questioning in this case.

**Facts**

Mr. Kenyatta Thomas is a 26 year old male with a well documented history of psychiatric problems stemming from psychotic disorders.[1] Additionally, Mr. Thomas has limited intellectual abilities. On or about December 26, 2006, law enforcement developed Mr. Thomas as a suspect in the robbery of the Regions Bank located at 3118 Mobile Highway, Montgomery, Alabama.

Prior to Mr. Thomas' arrest and during the course of the case investigation, Mr. Thomas' mother, Roberta B. Thomas, was interviewed by FBI agents. Ms. Thomas informed the agents that on the date of the robbery, her son had "broken down", was rocking back and forth at their residence, threatening suicide, and extremely paranoid. As a result, he had been committed to Baptist Hospital's Meadhaven Emotional Health Program.

---

[1] Mr. Thomas has been routinely evaluated at the Montgomery Mental Health Department.

On or about January 5, 2007, Mr. Thomas was arrested and interviewed by FBI Agent John Drew and Montgomery Police Corporal C.J. Butterbaugh. In response to police interrogation, Mr. Thomas admitted to robbing the Regions Bank and provided other information to assist law enforcement.

This questioning was improper as the police took advantage of Mr. Thomas' mental limitations in order to secure a confession. Additionally, though allegedly advised of his *Miranda* rights prior to questioning, because of his psychotic condition and mental limitations, Mr. Thomas had no knowledge of the rights he was waiving and subsequently did not provide a knowing and voluntary statement. Therefore, the defense respectfully requests the statement(s) be suppressed.

**Discussion**

In *Miranda v. Arizona*, 384 U.S. 436, (1966), the Supreme Court ruled that a person in police custody must be advised of his right to remain silent and his right to the assistance of counsel prior to interrogation. Those rights can be waived, but the *Miranda* waiver must be knowing and voluntary. *Moran v. Burbine*, 475 U.S. 412 (1986). In order to determine if the waiver was knowingly and voluntarily executed, the court must first determine whether (1) the waiver was the product of free will and deliberate choice and not intimidation, coercion or deception or voluntary and (2) whether the individual was aware of both the nature of the right being abandoned and the consequences of the decision to abandon the right knowing and intelligent.

In this case, Mr. Thomas executed a *Miranda* waiver and then provided a statement. However, the *Miranda* waiver was neither voluntary nor knowingly and intelligently provided.

1)  <u>Mr. Thomas' *Miranda* waiver was not voluntary</u>

The 11th Circuit has held if the police take advantage of an individual's mental limitations

in order to secure a *Miranda* waiver, the waiver is not voluntary. *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995). In this case, the police took advantage of Mr. Thomas' mental limitations and psychiatric problems. As a result of their interview with Mr. Thomas' mother, law enforcement was aware that Mr. Thomas had extreme emotional problems. Additionally, Mr. Thomas' demeanor and manner clearly and objectively present an individual who has limited mental functioning, suffers from a psychiatric disorder, is easily confused, and easily manipulated. A law enforcement officer with any experience in human behavior would recognize that Mr. Thomas is/was not able to understand or comprehend a written document outlining constitutional rights and protections. Though Mr. Thomas may not have protested signing the *Miranda* waiver, the police knew he did not understand the document or the ramification of executing the waiver. Therefore, the waiver was not voluntary. In addition to being involuntary, the statement was not knowingly and intelligently provided.

2)    Mr. Thomas' *Miranda* waiver was not knowingly or intelligently provided

In addition to being voluntary, a *Miranda* waiver must also be knowingly and intelligently executed. In determining whether a *Miranda* waiver is knowingly and intelligently executed, the court must look at the defendant's intellect, age, experience and education. *Miller v. Dugger*, 838 F.2d 1520 (11th Cir. 1988). In this case, at the time the *Miranda* waiver was executed, Mr. Thomas had just suffered a "nervous breakdown", Mr. Thomas was suffering from paranoid delusions and Mr. Thomas did not possess the intellectual abilities to understand the nature and substance of the information presented on the *Miranda* waiver. Therefore, he did not and could not knowingly or intelligently waive his *Miranda* rights.

**Conclusion**

For the reasons set forth above, Mr. Thomas respectfully requests the statement(s) provided on January 5, 2007, be suppressed.

Dated this 29th day of March 2007.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. No.: 2:07cr07-MHT |
| ) | |
| KENYATTA THOMAS ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clark Morris, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138