IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr07-MHT |
| KENYATTA THOMAS | ) | |
| | ) | |

<u>ORDER</u>

This case is now before the court on defendant
Kenyatta Thomas's motion to continue trial.  In light of
the fact that Thomas has moved for the continuance and
that the government has no objections to the continuance
motion and for the reasons set forth below, the court
concludes that the continuance motion should be granted.

While the granting of a continuance is left to the
sound discretion of the trial judge, <u>United States v.</u>
<u>Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>,
479 U.S. 823 (1986), the court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C.A. § 3161.

The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C.A. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, a continuance is necessary to provide Thomas additional time to obtain

2

evidence to support his motion to suppress that is currently pending in this court. Thomas plans to provide expert testimony from Dr. Ghostley regarding his past mental-health history at the time of the offense and his mental state at the time the statements were provided. Thomas anticipates receiving all the documents that Dr. Ghostley needs in order to prepare his testimony in the next 30 days; however, this will not provide the court adequate time to hear and consider all issues prior to the currently scheduled trial date. Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Thomas in a speedy trial.

Accordingly, it is ORDERED as follows:

(1) Defendant Kenyatta Thomas's motion to continue (Doc. No. 39) is granted.

(2) Defendant Thomas's trial and jury selection are continued to the criminal term of court commencing December 10, 2007, at 10:00 a.m., in

Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 20th day of July, 2007.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**